JOSHUA EVANS, appellant, *v.* WILLIAM FISHER *et al.*, appellees.

*Appeal from Marshall.*

The provision in the Revised Statutes, Chap. 40, § 7, dispensing, where there is no plea in abatement, with the proof of partnership and of the names of the partners, in a suit brought by a firm, applies as well to suits commenced before justices of the peace as to those brought in the Circuit Court.

The husband is liable for necessaries furnished to the wife living apart from him, where the separation was caused by improper treatment on his part, or he assents to, or acquiesces in it; *aliter* if she left him without good cause and against his consent.

The evidence as preserved in the record being inconclusive and contradictory, and a jury having passed upon it, this Court will not make the refusal of the Circuit Court to set aside the verdict as against evidence, a ground for reversing the judgment.

THIS was an action brought originally before a justice of the peace of Marshall county by the defendants in error against the plaintiff in error for goods furnished by the former to the wife of the latter, living apart from her husband. The case was taken by appeal to the Circuit Court of said county, and there tried before the Hon. John D. Caton and a jury, at the October term, 1848, and a verdict found for the plaintiff below for $54·04. The defendant below moved for a new trial on the ground that the evidence showed, that the wife of the defendant lived apart from her husband without his consent. The motion was overruled and the case was brought to this Court by appeal. The substance of the evidence is stated in the Opinion of the Court.

*B. C. Cook* and *T. L. Dickey*, for the appellant.

If the wife depart from her husband, without his consent, he is not liable for necessaries furnished to her, although he has given no notice not to trust her. Reeve's Dom. Rel. 81 ; Clancy on Husband and Wife, 33 ; *McGahay* v. *Williams*, 1 Johns. 293 ; *McCutchen* v. *McGahay*, 11 do. 280 ; *Manly* v. *Scott*, 1 Mod. 128 ; *Harwood* v. *Heffer*, 3 Taunt. 420.

*O. Peters,* for the appellee.

1. The evidence in this case clearly shows, the inter-marriage of Mr. and Mrs. Evans—that they lived separate —that the goods were furnished to her after the separation by defendants in error, and that they were necessaries.

This we contend makes out a *prima facie* case for the plaintiffs below; throws the burden of proof on the defendant to show that the separation was against his consent.

The husband has a right to the society of his wife, and to have her reside in his domicil—and to accomplish this, he may use means, both suasive and coercive.

From the fact that he possesses this power, the inference ought to be, that she absents herself with his consent, and that he voluntarily neglects to exercise his rights and to control her actions.

And the authorities sustain this view of the case, though, in this, as in most cases, there is some conflict. *Kotch* v. *Miles,* 2 Conn. 647 to 650; Clancy's Husband and Wife, 28.

See particularly for a full and able discussion on this subject, *Rumney* v. *Keyes,* 7 N. H. 578.

2. There is no evidence to rebut this presumption. The most that the evidence shows, is a willingness to have her remain with him, and this is but feebly indicated.

The Opinion of the Court was delivered by

TREAT, C. J.* Ought the Circuit Court to have granted a new trial? It is insisted that there was no evidence showing that the goods were furnished by the plaintiffs. They are described in the proceedings as partners by the style of William Fisher & Co. To maintain their action, in this respect, it was only necessary for them to show that the goods were obtained from the firm. They were not bound to prove the partnership or the names of the partners. In the opinion of the Court, the seventh section of the fortieth chapter of the Revised Statutes applies as well to suits

---

*Caton J. did not sit in this case.

commenced before justices of the peace, as to those originally brought in the Circuit Court. The principle of the case of *Archer* v. *Bogue*, 3 Scam. 526, demands such a construction of the statute.

It is manifest from an inspection of the bill of exceptions, that the real contest in the Court below was, whether the defendant was chargeable with the goods, and not whether the plaintiffs had provided them. The witnesses speak of the goods having been procured at the store of Mr. Fisher. This is not inconsistent with the truth of the allegation that they were furnished by the firm. Fisher, probably, was a member and the active partner of the firm. The evidence, it must be admitted, does not show directly and certainly that the goods were furnished by the plaintiffs, but it seems to have satisfied the jury, and we are not inclined to say that there was no evidence to warrant their conclusion.

The principal question is, whether the articles were furnished under circumstances that rendered the defendant responsible for their payment. That they were furnished to the wife while living apart from the husband, and were necessary and suitable to her condition, the evidence clearly establishes. The turning point in this case is, whether she was living apart from her husband with his consent. If so, he was clearly liable for the goods; if otherwise, the plaintiffs have no right to recover. The husband is not responsible even for necessaries furnished the wife when residing apart from him, if she left him without good cause and against his consent. But if the separation was caused by improper treatment on his part, or he assented to or acquiesced in it, he is liable for her necessary support, and to that extent she has credit on his account in the community. 2 Kent's Com. 146 ; 3 Starkie's Ev. 393–4; Clancy, 28.

The parties lived unhappily together. A separation took place, but through the intervention of friends, they became reconciled and again resided together. There was a renewal of the difficulties, and the wife finally left him. Both parties seem to have considered it a final separation. The husband made no efforts to induce her to return, and in fact

seemed not to desire it. It appears from the evidence that on one occasion she told him, she would again leave him, and he answered, "she might go in welcome ;" and shortly before she left, he said "there was no such good news as her leaving him." A son of the defendant who was present when she left testifies that, on her declaring she would leave him, he replied that "he would not hinder her, but rather she would stay." After the separation, he said it was well they were apart, and from the reason he gave why they ought to reside together, it is evident he did not regret her departure or desire her return. And to another witness he said "she was not to blame for what she had done." This is substantially all of the evidence concerning this branch of the case. The Court distinctly charged the jury that the defendant was not liable for the goods if the wife left him without his consent. The case was fairly submitted to the jury, and they had only to determine, from all the circumstances of the case, whether the separation was with or without the defendant's consent. The evidence was inconclusive and contradictory, and the jury having passed upon it, we perceive no good reason for disturbing their verdict. We cannot say either that there was no evidence tending to show that the separation was with the consent of the defendant, or that there was a decided preponderance of evidence the other way.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*